ROBERT F. BROWN and DARLENE S. BROWN, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Brown v. Commissioner
Docket No. 10212-78.
United States Tax Court
T.C. Memo 1982-395; 1982 Tax Ct. Memo LEXIS 353; 44 T.C.M. (CCH) 457; T.C.M. (RIA) 82395; July 14, 1982. *353 Robert F. and Darlene S. Brown, pro se. Barry Lederman, for the respondent. DAWSON
MEMORANDUM FINDINGS OF FACT AND OPINION DAWSON, Judge: This case was assigned to Special Trial Judge Francis J. Cantrel for hearing and disposition of respondent's motion for summary judgment. Subsequent to the hearing thereon, the respondent's motion for summary judgment was reassigned, on June 25, 1982, to Special Trial Judge Fred S. Gilbert, Jr. for consideration and ruling thereon. The Court approves and adopts his opinion, which is set forth below. OPINION OF THE SPECIAL TRIAL JUDGE GILBERT, Special Trial Judge: This case is before the Court on the respondent's motion for summary judgment. The motion came on for hearing at a motions session in Washington, D.C. There was no appearance by or on behalf of the petitioners; however, petitioners had filed an answer to respondent's motion for summary judgment. Respondent appeared by his counsel and made a brief argument in support of his motion. At the conclusion of the hearing, the motion was taken under advisement. Respondent determined a deficiency in the amount of $812 in petitioners' Federal income tax for *354 the year 1976 and an addition to tax for that year in the amount of $41, under section 6653(a). [1] In the notice of deficiency, the respondent increased taxable income with respect to wages earned by the petitioner Robert F. Brown (hereinafter referred to as petitioner) in the amount of $5,743, which was not so reported on the income tax return filed by the petitioners. This amount, however, was shown as gross income on the tax return filed for the year 1976 by Bodar System, a trust created by the petitioners and referred to by them in their Federal income tax return filed for that year. *355 Rule 121 of the Tax Court Rules of Practice and Procedure provides that a party may move for summary judgment upon all or any part of the legal issues in controversy, so long as there are no genuine issues of material fact for decision. We have examined the entire record in this case carefully, including the tax returns filed by the petitioners and by the trust and the trust instrument itself. We have concluded that no genuine issues of material fact are present in this case. The legal issue for decision in this case is whether the purported conveyance by the petitioners of their lifetime services to a family trust was effective to shift the incidence of taxation of amounts representing compensation for services rendered by the petitioner but shown on the tax return as income to the trust. On facts substantially the same as those involved here, the Court has recently held that such purported conveyances were simply assignments of income and ineffective to shift the tax burden thereon from the taxpayer to the trust there involved. Wesenberg v. Commissioner,69 T.C. 1005 (1978). See also Nelis v. Commissioner,T.C. Memo. 1979-42; and Morgan v. Commissioner,T.C. Memo. 1978-401. *356 In those cases, involving trust documents substantially identical to the document involved here, the Court held for the Commissioner. We likewise hold that the $5,743 excluded from income on their tax return by the petitioners should be icluded in taxable income for the year 1976. Since the amount of income in question was obviously earned by the petitioner and was included in the total amount shown on the W-2 form filed for him by his employer, we believe that the petitioners must certainly have been negligent, or in intentional disregard of the age-old rule that income is taxable to him who earns it, in not including this amount in their taxable income for the year 1976. As a matter of fact, the petitioners, in their answer to respondent's motion for summary judgment or elsewhere, did not set forth any facts that could possibly form the basis for any different conclusion. Therefore, we uphold the Commissioner's determination with respect to the addition to tax in the amount of $41 for the year 1976, under section 6653(a). Since there are no genuine issues of material fact present in this case, and since respondent has demonstrated that he is entitled to prevail as a matter *357 of law, it follows that respondent's motion should be granted. Decision will be entered for the respondent.
Footnotes
1. The statutory notice of deficiency issued on June 8, 1978, shows a deficiency in income tax for the year 1976 in the amount of $1,337 and an addition to tax in the amount of $67, under section 6653(a). However, in the statutory notice of deficiency, the respondent has conceded that, if it is held that the petitioners' income for the year 1976, as reported on the return filed by them, should be increased in the amount of $5,743, as we here hold, then the petitioners would be entitled to deductions in the amount of $2,105.52. In his motion for summary judgment, the respondent has taken this into consideration and has determined the deficiency and the addition to tax to be that stated above. All section references are to the Internal Revenue Code of 1954, as amended, unless otherwise indicated.↩